**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1019

_____

UNITED STATES OF AMERICA

v.

TODD A. LAWTON,
                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Criminal No. 4-11-cr-00041-001)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
October 6, 2015

BEFORE:  FUENTES, SMITH, and NYGAARD, *Circuit Judges*

(Opinion Filed:  January 13, 2016)

_____

OPINION*

_____


NYGAARD, *Circuit Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Todd A. Lawton appeals the District Court's judgment of conviction and sentence. His counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's motion and affirm the District Court's judgment.

I.

Lawton pled guilty to the possession of a prohibited weapon by a federal inmate; a violation of 18 U.S.C. § 1719(a)(2). He was sentenced to a term of 20 months, to be followed by supervised release for two years, which began in May of 2014. A few days after beginning his term of supervised release, Lawton was arrested in Maryland for narcotic related offenses. He pleaded guilty in state court to possession of Percocet—a narcotic.

A supervised release revocation hearing took place in December of 2014 at which the District Court sentenced Lawton to a term of imprisonment for 12 months and one day. This sentence was premised on an agreement between Lawton and the Government whereby Lawton agreed to admit to the supervised release violation and the Government agreed to recommend a below-guidelines sentence of one year and one day. Lawton filed a timely notice of appeal and his counsel, Assistant Federal Public Defender Frederick W. Ulrich, filed a motion to withdraw. Lawton has not filed a brief *pro se*. The Government has submitted a brief in response to Lawton's *Anders* brief and supports counsel's motion.

II.

We start our review by considering whether counsel's brief fulfills the *Anders* requirements and whether our own independent review of the record reveals any

2

nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). We have instructed that "[t]he duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id*. Counsel's brief reflects a conscientious examination of the record and he identifies three potential grounds for appeal: the jurisdiction of the District Court, the sufficiency of the evidence against Lawton, and the reasonableness of Lawton's sentence. Counsel argues that these grounds for appeal lack merit and we agree.

The basis for the District Court's jurisdiction is unassailable: 18 U.S.C. § 3231 gave the District Court subject matter jurisdiction over Lawton's original criminal conduct while 18 U.S.C. § 3583(e) authorized the District Court to rescind a sentence of supervised release. As to any challenge to the sufficiency of the evidence, we see no nonfrivolous arguments on this record. We review trial evidence for sufficiency "in the light most favorable to the Government." *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999). There was ample evidence of record to find Lawton guilty of violating his supervised release terms. The District Court noted on the record that Lawton had been charged with possession of narcotics (in violation of his supervised release) and Lawton did not object. Indeed, he pleaded guilty to the drug charges, thereby conceding the supervised release violation. App. at 56.

Finally, counsel asserts that it would be frivolous to contest the reasonableness of Lawton's below-guideline sentence of 12 months and one day. We agree. In handing down its sentence, the District Court specifically noted Lawton's criminal history and

3

other relevant characteristics, such as the nature of his original offense, and his poor adjustment to prison treatment and supervision. App. at 59. The District Court also noted the specifics of Lawton's supervised release violation and considered the nature and circumstances of the offense. After considering the § 3553 factors, the District Court sentenced Lawton to the term agreed upon by the parties. We therefore agree with counsel that any challenge to Lawton's sentence would be frivolous.

III.

In sum, we conclude that counsel's brief meets the requirements of *Anders*. Our independent review of the record confirms counsel's belief that there are no nonfrivolous issues on appeal. Therefore, we will grant counsel's motion to withdraw and affirm the District Court's judgment.[1]

---

[1] Appellant is hereby advised that under the Criminal Justice Act, counsel is not obligated to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court. *See also* LAR 35.4; 109.2(b). If Appellant wishes to pursue these avenues, he must do so *pro se*. Appellant should note that a petition for rehearing en banc must be filed within 14 days of the entry of judgment; if that time has passed, Appellant may promptly file a motion to enlarge the time for such filing. Counsel shall timely send a copy of this Opinion to the Appellant.